

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. AP-76,261

**EX PARTE HENRY LEE MEANS, JR., Applicant**

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 43,595 IN THE 400ᵀᴴ DISTRICT COURT
### FROM FORT BEND COUNTY

*Per curiam.*

### O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated assault and sentenced to fifteen years' imprisonment. The First Court of Appeals affirmed his conviction. *Means v. State*, Cause No. 01-07-175-CR (Tex. App.–Houston [1ˢᵗ], delivered April 17, 2008).

Applicant contends that his appellate counsel rendered ineffective assistance because counsel by failing to timely notify Applicant that his conviction had been affirmed and that he had a right to

file a *pro se* petition for discretionary review.

Appellate counsel filed an affidavit with the trial court. Based on that affidavit, the trial court has entered findings of fact and conclusions of law recommending that relief be granted. *Ex parte Wilson*, 956 S.W.2d 25 (Tex. Crim. App. 1997). We find, therefore, that Applicant is entitled to the opportunity to file an out-of-time petition for discretionary review of the judgment of the First Court of Appeals in Cause No. 01-07-175 that affirmed his conviction in Cause No. 43,595 from the 400th Judicial District Court of Fort Bend County. Applicant shall file his petition for discretionary review with the First Court of Appeals within 30 days of the date on which this Court's mandate issues.

Applicant's remaining claims are dismissed. *Ex Parte Torres*, 943 S.W.2d 469 (Tex. Crim. App. 1997).

Delivered: November 18, 2009
Do not publish